# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| Heath Harwell and Ethel Freeman<br>　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>City of Mount Juliet, a Tennessee municipal corporation; Ed Hagerty, in his official capacity of Mayor of Mount Juliet<br><br>　　　　　　　　Defendants. | Case No. _____ |

## VERIFIED COMPLAINT

1. Plaintiffs bring this complaint against the Defendants Mount Juliet and Ed Haggerty in his official capacity as Mayor of Mount Juliet (collectively the "Defendants") and allege that certain provisions of the Mount Juliet Sign Ordinance (the "Sign Ordinance") dealing with the time and placement of political signs is unconstitutional under the First and Forteenth Amendments. The Sign Ordinance is attached hereto as Exhibit A.

## I. INTRODUCTION

2. Plaintiffs are residents who live in Mount Juliet and wish to participate in the political process by placing certain yard signs advocating for political candidates outside of their residences. Under the Sign Ordinance, Plaintiffs are not permitted to place political signs outside of their residence for more than 65 days out of the year. These restrictions are unconstitutional under the First and Fourteenth Amendments.

3. Mount Juliet is also enforcing the Sign Ordinance improperly and selectively. Mount Juliet has targeted existing signs in place advocating for the election of Democratic candidates while not seeking to enforce the ordinance against Republican-affiliated candidates. This type of selective enforcement of the Sign Ordinance is a per se Constitutional violation and is so clearly a violation of the First and Fourteenth Amendment that immediate relief is necessary to ensure the integrity and veracity of the upcoming election.

4. Plaintiffs seek nominal damages, a declaration that the Sign Ordinance is unconstitutional, a temporary and permanent injunction preventing the Defendants from enforcing the Sign Ordinance and attorneys' fees.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because (1) Defendants have their official residences in this district; (2) a substantial part of the events or

omissions giving rise to the claims occurred in this district; and (3) Defendants are subject to the Court's personal jurisdiction because Defendants are a municipal corporation that is located within this district and/or live and reside in this jurisdiction.

### III. PARTIES

7. Plaintiff Heath Harwell is a resident of Mount Juliet and owns the residence located at 2101 Bedford Bend, Mount Juliet TN, 37122.

8. Plaintiff Ethel Freeman is a resident of Mount Juliet and owns the residence at 2747 Curd Rd., Mount Juliet TN, 37112.

9. Defendant City of Mount Juliet is a Tennessee municipal corporation. Mount Juliet is subject to suit pursuant to 28 U.S.C. § 1983 as a result of being the city government responsible for passing and enforcing the Sign Ordinance. Mount Juliet may be served through its executive officer, Ed Haggerty who is the City Mayor.

10. Defendant Ed Haggerty is the Mayor of Mount Juliet and he is being sued strictly and solely in his official capacity as Mayor of Mount Juliet.

### IV. FACTUAL BACKGROUND

**A. THE SIGN ORDINANCE CONTAINS CONTENT RESTRICTIONS ON SPEECH**

11. In 2016 Mount Juliet passed the Sign Ordinance. In relevant part it states the following:

**11.106 Exempt and Exception Signs**

B. Exception Signs (Temporary)

1. Non-Commercial Signs

> Temporary non-commercial signs may be displayed on private property, with permission of the property owner, there shall be a limit of two temporary, non-commercial signs posted on any lot at any given time. 60 days prior to and 5 days after any election period, this limit shall be increased ten, provided, however, that , there shall be no more than two (2) signs per lot for any specific non-commercial

purpose, such as a sign in favor of a political candidate or a sign advertising a church or other non-profit entity.

a. Temporary signs are limited to six (6) square feet per sign face with a maximum of two sign faces per sign, and a maximum height of four feet.

b. All election signs shall be limited to 65 days extending from 60 days prior to the official Election Day to removal within five (5) days after the official Election Day.

c. The ten sign period shall apply to both primary and general elections within a calendar year, as signs will be allowed to be placed in accordance to the time frames as set forth in item (a.) for both election periods. Such elections signs are allowed in addition to all other permitted signs. A sign permit is not required.

12. On its plain terms the Sign Ordinance limits temporary signs for election-themed signs to 65 total days. All other non-commercial, temporary signs (with certain exceptions) are only permitted for 30 calendar days per year. In other words, if a yard sign says "I love Jesus" it can only be placed in the yard for 30 calendar days per year. If the yard sign says "Vote for John Doe for Mayor" then that sign can remain for 65 total days. In other words, the Sign Ordinance is clearly regulating the CONTENT of speech by placing various types of restrictions based on the content of a sign. Although this particular content restriction may inur to the benefit of political signs by permitting them to have longer display periods than other types of non-commercial, temporary signs, other types of content on temporary signs can be displayed longer than those containing election-themed content.

13. For example, the Sign Ordinance contains the following provision:

Real Estate Signs (Temporary)

**11.108 Permitted Signs**

C. Special Conditions by Sign Type

3. Real Estate Signs (Temporary)
One (1) temporary sign advertising the sale, auction, rental or lease of real estate

may be displayed on the private property which is for sale, auction, rental or lease.

    a. Residential - The maximum in residential zones is nine (9) square feet in size and four (4) feet in height and may be dual faced.

    b. Commercial/Industrial - The maximum in commercial and industrial zones is twenty (20) square feet in size and eight (8) feet in height.

    c. On corner lots and double frontage lots, one (1) such sign may be displayed on each of the two (2) frontages. These two (2) signs shall be separated by at least one hundred (100) feet. Properties in excess of three (3) acres may include up to two (2) additional real estate signs, provided such signs are spaced at 500 foot intervals, not located within a public right-of-way and shall not create a visibility hazard.

These signs may remain for as long as the property is for sale, auction, rental or lease and shall be removed within three (3) days of closing of the sale, end of the auction or rental of the premises.

14. Based on the foregoing provision, if a temporary sign is for the advertisement of a real estate transaction, the sign may be bigger than an election-theme signed and may be displayed longer than an election-themed temporary sign.

15. Similarly, Section 11.108(c)(3) contains the following additional provision:

Temporary Residential Development signs – One such sign may be erected on-site per street frontage for the purpose of advertising the development of a subdivision or multifamily development (including multi-family developments zoned as CMU). The sign may remain until the sale of all subdivision lots are complete, or the construction of the multi-family development is complete The sign has a maximum sign face area of 32 square feet per face, maximum of two (2) sign faces and a maximum height of eight (8) feet.

16. Based on the foregoing provision, if a temporary sign is for the advertisement of a new subdivision, then that sign may be larger than an election-themed sign and may be displayed longer than an election-themed temporary sign.

17. In other words, the Sign Ordinance contains several content-based restrictions on political speech.

## B. The Sign Ordinance Grants Mount Juliet The Power To Selectively Enforce The Sign Ordinance

18. The Sign Ordinance contains the following provision related to enforcement:

The sign administrator and/or his designees are hereby authorized and directed to enforce all of the provisions of this article. This authority empowers such individuals to perform any necessary inspections, including entering upon private property, and to issue related citations for the enforcement of this article.

> (1) Violation notice. The sign administrator or his designee shall order the removal of any sign permanently erected or maintained in violation of this article, providing ten days' written notice to the owner of the premises upon which the offending sign is located to achieve compliance with provisions of this article. If, after ten days, the property owner has failed to achieve compliance with this article, a citation to municipal court shall be issued. However, when good faith efforts to bring a sign into compliance have begun within ten days of notice of violation, the sign administrator may extend the time period for compliance with this article to a period not to exceed 30 days. Temporary commercial signs may be removed immediately upon notice of a violation. Temporary non-commercial signs will receive a 24 hour notice prior to removal.
>
> (2) Impoundment/disposal of signs. The sign administrator, the municipal codes officer and their designees shall have the authority to remove without notice any illegal sign on public property or a public right-of-way, or any illegal sign attached to trees, fences, posts, utility poles or other natural features. Such signs shall be considered litter and shall be subject to disposal.

19. In other words, the Sign Administrator, who works under the direction of the Defendant Mayor Haggerty, has carte blance under the Sign Ordinance to remove or fine people for violation of the Sign Ordinance without first having to obtain some court or other administrative proceeding to ensure correct and accurate interpretation and implementation of the Sign Ordinance.

## C. Plaintiffs' Desire To Display Election-Theme Signed Outside Of The Time Period Permitted By The Ordinance

20. Plaintiff Harwell is a resident of the Mount Juliet and owns the resident located at 2101 Bedford Bend, Mount Juliet Tn, 37122. In or around August of 2016, Plaintiff had an election sign advocating for the the election of Trisha Farmer placed in his yard. Based on the

City of Mount Juliet's confiscation and threats to other individuals currently displaying election-themed signs, including specific requests for removal of signs advocating for Trisha Farmer, Plaintiff removed the sign from his yard on September 1, 2016 but wishes to immediately repost the sign. Plaintiffs reasonably believe Mount Juliet will confiscate these signs or otherwise enforce the Sign Ordinance against Plaintiff if he places the sign back in his yard. Plaintiff's free speech rights under the First Amendment are therefore being chilled.

21. Plaintiff Russell is a resident of the Mount Juliet and owns the resident located at 2747 Curd Rd., Mount Juliet Tn, 37122. In or around August of 2016, Plaintiff had an election sign advocating for the the election of Trisha Farmer placed in her yard. Based on the City of Mount Juliet's confiscation and threats to other individuals currently displaying election-themed signs, including specific requests for removal of signs advocating for Trisha Farmer, Plaintiff removed the sign from her yard on September 1, 2016 but wishes to immediately repost the sign. Plaintiffs reasonably believe Mount Juliet will confiscate these signs or otherwise enforce the Sign Ordinance against Plaintiff if she places the sign back in his yard. Plaintiff's free speech rights under the First Amendment are therefore being chilled.

22. Plaintiffs will suffer harm if the Sign Ordinance is enforced as Plaintiff will be prevented from advocating for the candidates Plaintiff support in the Election.

### D. MOUNT JULIET BEGINS SELECTIVELY ENFORCING THE SIGN ORDINANCE

23. On or around Thursday August 25, 2016, representatives from the City of Mount Juliet informed several residents of violations of the Sign Ordinance for displaying signs for Trisha Farmer, a candidate for the State House District Number 57, the house district that encompasses Mount Juliet. On or around Thursday August 25, 2016, representatives of Mount Juliet confiscated at least three signs for Trisha Farmer claiming that such signs displayed on

August 25, 2016 violated the Sign Ordinance because they were not within 60 days of the upcoming November 8, 2016 election (the "Election"). Mount Juliet city officials have since threatened to remove other signs advocating for the election of Trisha Farmer.

24. Several signs advocating the election of Republican candidates can be found throughout Mount Juliet. An example of such signs are as follows:





Both of these signs were on display on or before August 25, 2016. On information and belief neither Susan Lynn (who is pictured behind one of her signs above and is Trisha Farmer's Republican opponent in the Election) or the Mount Juliet Republican Party (whose office in Mount Juliet is littered with signs advocating Republican candidates) have received notices or threats to remove the offending signs as of the date of this lawsuit. Other signs are currently displayed throughout Mount Juliet advocating for the election of Republican candidates:



25. Further, it would seem beyond doubt that Mayor Ed Haggerty is aware that yard signs are up throughout Mount Juliet advocating for the election of both Republican and Democratic candidates as evidenced by the below picture (Mayor Ed Haggerty is the gentlemen in the center of the photo):



26. On information and belief, to date the only signs that Mount Juliet has confiscated or threatened to confiscate are those advocating for the election of democratic candidates.

## V. CAUSES OF ACTION

### COUNT I

**(Claim Under 42 U.S.C. § 1983 That Section 1106(B) Of The Sign Ordinance Is Unconstitutional Under The First and Fourteenth Amendments)**

27. Plaintiffs reallege, restate, and incorporate by reference the allegations made in paragraphs 1-26 above.

28. The First Amendment, made applicable to states by the Fourteenth Amendment, prohibits undue restraints on Plaintiff's freedom of speech.

29. Section 1106(B) is a content-based restriction on speech that places greater restrictions on Plaintiff's political speech than on other types of speech and that is not narrowly drawn to achieve a compelling government interest.

30. Section 1106(B) discriminates against signs bearing political speech by placing time, durational, and size limitations on them that are more restrictive than for signs containing non-political speech. In addition, the Sign Ordinance discriminates by allowing the mayor, or those under the Mayor's direction, discretion to remove political yard signs—but not any other type of sign—without any due process or recourse.

31. Plaintiffs desire to express his political views by placing in his yard a sign advocating for the election of Trisha Farmer and Plaintiffs should be permitted to do this without fear that such sign would be confiscated or she would be fined for doing so.

32. Under 42 U.S.C. § 1983, Plaintiffs are entitled to a declaration that Section 1106(B) is unconstitutional and an injunction prohibiting Defendants from enforcing the law.

## COUNT II

**(Claim Under 42 U.S.C. § 1983 Section 1106(B) Of The Sign Ordinance Is Unconstitutional Under The First and Fourteenth Amendments As Applied By Defendants)**

33. Plaintiffs reallege, restate, and incorporate by reference the allegations made in paragraphs 1-32 above.

34. Defendants have selectively enforced the Sign Ordinance by targeting signs advocating for the election of democratic candidates or have selectively enforced the Sign Ordinance by devoting more resources to searching, locating, and communicating to, those individuals displaying signs advocating for the election of Democratic candidates.

35. By selectively enforcing the Sign Ordinance, Defendants are discriminating against Plaintiffs and chilling speech on behalf of democratic candidates.

36. Plaintiffs desire to express his political views by placing in his yard a sign advocating for the election of Trisha Farmer and Plaintiffs should be permitted to do this without fear that such sign would be confiscated or she would be fined for doing so.

37. Under 42 U.S.C. § 1983, Plaintiffs are entitled to a declaration that Section 1106(B) as applied by Defendants is unconstitutional and an injunction prohibiting Defendants from enforcing the law.

## VI. PRAYER FOR RELIEF

38. WHEREFORE, respectfully request that the Court:

   a. That service of process be had upon Defendants and that Defendants be required to appear and answer this complaint within the time prescribed by law;

   b. Temporarily and permanently enjoin the Defendants from enforcing Section 1106(B) of the Sign Ordinance;

   c. Declare Section 1106(B) of the Sign Ordinance unconstitutional;

   d. Award Plaintiff nominal damages, for the deprivation of his constitutional rights during the period in which his constitutionally protected speech was chilled because of Section 1106(B);

   e. Grant Plaintiffs litigation expenses, costs of suit, and reasonable attorney's fees as provided by law, including but not limited to, pursuant to 42 U.S.C. § 1988; and

   f. Grant to Plaintiffs such other or further relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Dated: September 1, 2016

Respectfully submitted,

By: s/ Benjamin A. Gastel
J. Gerard Stranch, IV (BPR #23045)
Benjamin A. Gastel (BPR #28699)
Michael J. Wall (BPR #24774)
BRANSTETTER, STRANCH & JENNINGS PLLC
The Freedom Center
223 Rosa L. Parks Avenue
Nashville, TN 37203
(615) 254-8801
gerards@BSJFirm.com
beng@BSJFirm.com
mikew@BSJFirm.com

*Attorneys for Plaintiffs*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that paragraphs 11-20 of this Verified Complaint are true and correct.

Executed on September 1, 2016.

_____
Heath Harwell

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that paragraphs 10-19 and 21 of this Verified Complaint are true and correct.

Executed on September 1, 2016.

_____
Ethel Freeman